<hr />

CASE 33—PETITION EQUITY—APRIL 7.

# Funk v. Walter.

APPEAL FROM LOUISVILLE CHANCERY COURT.

HOMESTEAD—RENTS AND IMPROVEMENTS—INTEREST AND TAXES.—Appellee having been wrongfully deprived by appellant of the use and possesion of her son's homestead, which she had purchased, she was entitled to a reasonable rent for the time during which appellant had possession, less the taxes and reasonable improvements. But as she was allowed to recover the value of the homestead instead of the homestead itself, she was entitled to interest thereon in lieu of rent, and the appellant was not entitled to deduct therefrom the taxes that accrued on the homestead during the time he had possession, for the reason that the use of the homestead is presumed to be equivalent to the interest and taxes on its value.

THOS. B. FAIRLEIGH FOR APPELLANT.

A conveyance by husband and wife which is actually fraudulent as to creditors, when set aside leaves the homestead right of the wife intact; but when the conveyance is fraudulent under the act of 1856, as a preference of creditors, the homestead passes by the conveyance. (Gideon, Barton & Co. v. Streeve, &c., 78 Ky., 134.)

KOHN & BARKER FOR APPELLEE.

Brief not in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

By virtue of an execution that issued from the Federal Court for the district of Kentucky, the house and

lot in controversy were sold by the United States Mar-
shal, and the appellant becoming the purchaser at said
sale, the appellee was ejected from the possession of the
house and lot, and the appellant was put in possession
of it.  Afterwards, the appellee instituted an action in
the Louisville Chancery Court to recover the value of
her dower in said property, and the value of her son's
homestead therein, which she had purchased from him.
The chancellor allowed the appellee the value of both
dower and homestead.  But this court, upon appeal,
reversed the judgment of the chancellor upon the
ground that the appellee was not entitled to both
dower and homestead, and remanded the case, with
directions to allow her either dower or homestead, at
her election.  Upon the return of the case it was re-
ferred to the master commissioner to take proof and
report the value of the appellee's dower and homestead.
The commissioner reported the value of each.  This re-
port, upon the exceptions of the appellant, upon the
ground that he had no notice of the time of the sitting
of the commissioner, was set aside, and the case was
again referred to the commissioner.  He made another
report, which was in all respects the same as the for-
mer report.  In this report the commissioner fixed the
value of the appellee's homestead, which she purchased
from her son, at one thousand dollars, and the appellant
having been in the possession of the property ever
since May 1, 1875, the commissioner allowed the ap-
pellant six per cent. per annum on this sum from that
date.  The appellant filed an answer, in which he
pleaded as a set-off an indebtedness on the part of
appellee for the taxes on said property due the city

and State for the years that he had held the prop-
erty in possession.  Also, thirty-two dollars and fifty-
four cents, the taxes due on said property prior to his
taking possession of it; all of which he had paid.
Also, the sum of seventy-five dollars and fifteen cents
which he recovered against the appellee as costs in
this court.   The appellant also filed exceptions to the
second report of the commissioner.   Neither the an-
swer nor exceptions controvert the fact that the appel-
lee's homestead in said property was worth one thou-
sand dollars.

Upon the final hearing, the chancellor confirmed the
commissioner's report, allowing the appellee one thou-
sand dollars as the value of her homestead purchased
from her son, and six per cent. interest thereon per
annum from the first day of May, 1875.   The chan-
cellor also overruled the appellant's exceptions to the
report, and refused to allow him and of his set-offs,
except thirty-two dollars and fifty-four cents, the sum
due for taxes prior to his taking possession of the
property ; and  seventy-five dollars and fifteen cents,
the sum that he recovered as costs in this court against
the appellee.   Whether the chancellor did right in not
allowing the appellant the taxes that accrued on the
homestead after he took possession of it, is the only
question to be determined.

The ejection of the appellee from the homestead was
wrongful, and the appellant's possession of it was with-
out right.  The appellee was entitled to the exclusive
use and possession of the homestead ; and it would
have been her duty to pay the taxes on it, and keep
it in reasonable repair ; therefore, for the wrongful

deprivation of the use and possession she was entitled to a reasonable rent, less the taxes and reasonable improvements. But, as she was allowed to recover the value of the homestead, she was entitled to interest thereon in lieu of rent; but the appellant was not entitled to deduct therefrom the taxes that accrued on the homestead during the time that he held possession of it; for the reason that the use of the homestead is presumed to be equivalent to the interest and taxes on its value. The reasonableness of this presumption is made manifest by this case; for the annual rental value of the homestead, during the time that the appellee was wrongfully deprived of the possession of it, was greater than the annual interest on the value of the homestead and the taxes thereon. (Thompson on Homestead and Exemptions, section 725.)

The judgment of the lower court is affirmed.